Lyon v. Kee et al.

———————

No. 13,802.

LYON v. KEE ET AL.

HIGHWAY.—Road Districts.—Township Trustee May Reduce Number of.—Supervisor.—Under the act of April 13th, 1885 (Acts of 1885, page 202), a township trustee may reduce the number of road districts in his township, if the public interests will be thereby subserved, even though by doing so a duly elected supervisor may be deprived of official responsibility.

From the Porter Circuit Court.

*J. E. Cass, E. D. Crumpacker* and *P. Crumpacker,* for appellant.

*W. Johnston,* for appellees.

OLDS, J.—The appellant was duly elected supervisor of road district No. 2, in Pleasant township, Porter county, Indiana, at the April election, 1886, and duly qualified as such supervisor. The appellee, William Kee, was the trustee of said Pleasant township. The appellees Wall and Anderson were the duly elected supervisors of road districts one and three, in said township. The complaint charges that within a short time after the election of appellant as supervisor, the appellee Kee, as trustee, maliciously, and for the purpose of depriving appellant of his office, and without any necessity therefor, changed the road districts in said township so as to abolish said road district No. 2, and added a portion of such district to district No. 1, and the other portion to district No. 3, and alleges that the appellees Wall and Anderson were threatening to, and were intending and about to, discharge the duties of supervisor in the respective portions of said district No. 2, which had been assigned to their respective districts; and a restraining order is asked to prevent them from discharging the duties of supervisor within the boundaries of said original district No. 2.

A demurrer was filed to the complaint by the appellees, which was overruled, but no complaint is made of this ruling.

Appellee Kee filed an answer in three paragraphs, the first a general denial. The second alleges that he was the duly elected, qualified, and acting trustee of said Pleasant township, and had been such trustee for one year; that when he first entered upon his duties as such trustee, he found said township divided into seven road districts, with seven supervisors, and that said districts had been so arranged and remained in that way for more than two years last past, and the township had not been redistricted for road purposes for

more than two years prior thereto, nor had there been any change made in them during that time; that in one of the districts there was but one man to work the roads, or liable to work thereon; that in the interest of said township, and in the interest of economy, and for the benefit of the highways of said township, he deemed it necessary to divide and redistrict said township into new and suitable road districts, and acting upon what he deemed necessary, he did, on the 10th day of April, 1886, divide said township into road districts, and reduced the number of districts to five, and made a plat thereof, and filed and recorded a plat of the land in the highway records belonging to said township, and caused notice thereof to be served on plaintiff and all other parties interested, a copy of which recorded plat is filed with the paragraph of answer and made a part of the same; and it is further averred that in such change, said plaintiff's road district No. 2 was divided and cut up and assigned to other supervisors duly elected and qualified as such, all of which was done to subserve the interests of economy and the public highways, and was deemed necessary by said appellee, and that it is such redistricting and none other of which plaintiff complains.

The third paragraph of answer alleges, substantially, the same facts as the second, except it alleges that the changes in the road districts were made on petition of more than six householders and freeholders of the township residing in the immediate vicinity of the change.

To each of the second and third paragraphs of answer, appellant filed a demurrer, which was overruled, and exceptions taken. The case was put at issue by a reply in denial, and tried by the court, resulting in a finding and judgment for the defendants, the appellees. A motion for a new trial by the appellant was overruled, and exceptions taken.

The errors assigned are the overruling of the demurrers to the second and third paragraphs of Kee's answer, and the overruling of the motion for a new trial.

The act approved April 13th, 1885 (Acts of 1885, p. 202), authorizes township trustees to divide the township into road districts, and whenever they deem it necessary to make any change in such road districts that may subserve public interests.

The paragraphs of answer show the changes made by the the trustee in the road district to be such as in his discretion he had the right to make, and the demurrers thereto were properly overruled.

The finding of the court is sustained by the evidence, and the court did not err in overruling the motion for a new trial. There is no error in the record.

Judgment affirmed, with costs.

Filed Sept. 27, 1889.